# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No.: 1:16-CR-76-1 (JUDGE KEELEY) |
| **IAN NIGEL PAGE,** | |
| **Defendant.** | |

### ORDER FINDING PROBABLE CAUSE TO HOLD A FINAL REVOCATION HEARING BEFORE THE DISTRICT JUDGE AND DETAINING DEFENDANT UNTIL THE FINAL HEARING

On February 17, 2022, came the United States of America ("Government"), by counsel Brandon Flower, Assistant United States Attorney, and came Defendant Ian Nigel Page, by videoconference and by counsel, Richard Walker, for an initial appearance, preliminary hearing, and detention hearing on the Amended Petition for Warrant or Summons for Offender Under Supervision. [ECF No. 76]. U.S. Probation Officer Angel Akers also was present by videoconference.

Both Defendant and his counsel stated on the record that Defendant agreed to waive his right to appear in person and instead appear by videoconference. Both Defendant and his counsel then signed a written waiver to this effect [ECF No. 81].

As an initial matter, Defendant and his counsel also signed a Waiver of Preliminary Hearing, conceding that probable cause existed to forward this revocation matter. [ECF No. 82].

Upon consideration of the same, the Court **FINDS** that pursuant to Rule 32.1, there is probable cause that Defendant violated the conditions of supervised release as alleged in the Petition and Amended Petition. It is, therefore, **ORDERED** that Defendant be bound over for a full hearing before the Honorable Irene M. Keeley, United States District Judge for the Northern

1

District of West Virginia, on the violations alleged in the Petition and Amended Petition for Warrant or Summons for Offender Under Supervision.

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a magistrate judge may release or detain a person in custody for violating his supervised release under 18 U.S.C. § 3143(a). In turn, 18 U.S.C. § 3143(a) provides that a defendant shall be detained unless there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." Id. The burden to show this clear and convincing evidence rests with Defendant. Fed. R. Crim. P. 32.1(a)(6).

Counsel for the Defendant requested Defendant's release pending the final revocation hearing. Defendant testified that due to ongoing work projects in his self-owned business, he is concerned about losing materials and tools, losing business capital, and harming his clients if he remains detained pending the final revocation hearing. Defendant requested the opportunity to be released to wrap up various business projects.

On cross-examination, Defendant testified if released, he would request to be released to the Martinsburg mission where he would stay pending final revocation. Defendant testified he would have his mother come into town and help him sort out his affairs. Defendant testified he would place his tools and business equipment into storage while he resided at the mission.

Defense counsel proffered the Federal Public Defender's Office in Martinsburg and Clarksburg, West Virginia could provide additional support for Defendant to transported to and from the courthouse in Clarksburg for future hearings and could help with the collection of Defendant's business items. Defendant's counsel anticipates requesting an expedited final revocation hearing. Defendant's counsel proffered that here are no new criminal allegations, despite the emergency protective order, and Defendant would appreciate the opportunity to remain

in the community, working at his business, pending final revocation hearing. Defendant's counsel proffered that Defendant is willing to work with the court system and is receptive to the possibility of an alcohol treatment program.

The Government opposed Defendant's release. Government's counsel called U.S. Probation Officer Angel Akers to testify. Officer Akers testified that Defendant Page has had a long series of violations while on supervised release and those violations relate to Defendant's continued use of alcohol and dishonesty with U.S. Probation. Officer Akers testified she last spoke to Defendant Page on Monday, February 14, 2022, at 9:49 a.m., after he called her. Defendant Page informed Akers that he was locked out on his balcony. Officer Akers testified she could tell Defendant Page was intoxicated based on their conversation. Officer Akers testified she told Defendant Page to call 9-1-1 for assistance and go to a detox program. Officer Akers testified Defendant Page followed up in text messages stating, "How bout. No. No." and challenging, "Come get me."

Officer Akers testified she spoke with a Ms. Bobbi Sue Cook, Defendant's girlfriend, on February 15, 2022, to get information about the emergency protective order she obtained against Defendant Page. Officer Akers testified that Ms. Cook reported to U.S. Probation that she sought and obtained the emergency protective order because Defendant Page had been excessively drinking alcohol and behaved in a threatening manner towards her. Officer Akers testified Page has a history of violating emergency protective orders; specifically, she testified he has violated domestic violence protective orders on five prior occasions.

Officer Akers testified she has attempted to help Defendant Page and get him into treatment. She testified she made a referral for weekly counsel for him. Officer Akers testified Defendant had been in weekly counseling since March of 2020, but he continued to struggle with

alcohol abuse. Officer Akers testified that after Defendant's third violation for alcohol use, she directed he either enter rehab or get a prescription for Antabuse. Officer Akers testified that Defendant Page advised U.S. Probation that he had gotten a prescription for Antabuse and was taking it until January-February 2022. Officer Akers testified that on or about Feb. 11, 2022, Defendant advised that he had stopped taking his Antabuse, and that he was initially dishonest with Officer Akers about his alcohol abuse. Officer Akers expressed concerns that if Defendant is released to reside at the Martinsburg mission that Defendant Page poses a risk of violating his protective order.

The Government argued that Defendant Page poses a risk of danger to the community, due to his issues with alcohol abuse, his pending protective order including a domestic violence history and allegations of threats of harm to another person, and history of violating past protective orders. The Government noted their argument that Defendant Page has not carried his burden for release pending the final revocation hearing.

The undersigned, having considered the arguments presented and the record as a whole, finds that Defendant has not carried his burden of showing, by clear and convincing evidence that Defendant is not likely to pose a danger to the safety of any other person or the community if released. Defendant poses a risk to the community considering his recent, severe alcohol abuse and ongoing noncompliance with the terms of his supervision.

Thus, based on the Petition, Amended Petition, and argument presented, and for reasons set forth on the record, the Court **FINDS** that Defendant has not met his burden of establishing that he is not likely to flee or pose a danger to any other person or to the community at this time.

Therefore, the Court **GRANTS** the Government's Motion to Detain [ECF No. 71] pending the Final Revocation Hearing.

5

Accordingly, it is further, **ORDERED** that the Defendant be **REMANDED** to the custody of the U.S. Marshals Service until such hearing.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to Counsel of record.

DATED: February 17, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE